RUSSELL, J.,
concurring in part and dissenting in part:
¶ 50. I concur with the majority’s decision to affirm the chancellor’s order to reduce the alimony obligation rather to eliminate it. I also concur with the chancellor’s award regarding the wife’s interest in Broome Construction Company. However, I have concerns about other issues in this case; therefore, I also dissent for the reasons stated below.
A. INTEREST ON ALIMONY AR-REARAGE
¶ 51. Alimony can only bear interest “from and after its due date[.]” Rubisoff v. Rubisoff, 242 Miss. 225, 235, 133 So.2d 534, 537 (1961). In the instant case, the June 30, 2000 judgment stated that the husband must “bring all alimony arrearage current within ten (10) days from the date of this order.” Thus, the alimony arrear-age became due on July 10, 2000. As a result, interest should only be added on the alimony arrearage from and after July 10, 2000. It appears from a review of the record that approximately $59,000 worth of interest was added to the alimony arrear-age dating back to June 1995. It is unclear from the record when the chancellor ordered interest, although it was included in the garnishment. Because interest was added to the alimony arrearage prior to the date it was ordered due, I dissent as I find that any interest assessed prior to *1148 July 10, 2000, was improper and that T.C. had fulfilled his payment obligations as of his March 2002 payment.
B. HOUSE REPAIRS
¶ 52. The August 1996 contempt order, which was restated in the December 5, 2000 judgment, ordered T.C. to pay for house repairs that were addressed at a July 1998 temporary hearing; however, there is no evidence or documentation showing these home repairs were actually ever started or completed during the effective period of the temporary order or at any other time. Sheila never filed a motion requesting any relief regarding these alleged home repairs during the period of the temporary order. Further, the final judgment of divorce ordered T.C. to pay the mortgage, but it did not order T.C. to pay for house repairs. Any temporary order that was entered prior to the parties’ divorce was rendered moot once the final judgment of divorce was entered. Although chancellors have broad discretion, in my view, it was an abuse of discretion for the court to order T.C. to pay $10,346 in home repairs under these circumstances. While this matter is not before the Court at this time, I find the issue troubling.
C. TAX PAYMENT
¶ 53. The August 1996 contempt order directed T.C. to pay $2,583.20 as one-half of a tax refund. T.C. argued that he never received a tax refund, and the Mississippi State Tax Commission[24] had improperly credited a tax payment. The chancellor ordered T.C. to produce documents to prove the same. T.C. complied and submitted the required documentation. However, the chancellor dismissed T.C.’s motion. As a matter of equity, in my view, this was an abuse of discretion, and I am compelled to express my concern.

. The Mississippi State Tax Commission is now referred to as the Mississippi Department of Revenue, effective July 1, 2010.